Filed 2/16/21  P. v. Telles CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C089364 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-CNV-1997-0017436) |
| v. | |
| ARMANDO TELLES, | |
| Defendant and Appellant. | |

Defendant Armando Telles appeals the trial court's order denying his petition for resentencing under Penal Code section 1170.95 (statutory section references that follow are to the Penal Code unless otherwise stated), arguing the trial court should not have summarily denied his petition.  Defendant contends the trial court erred when it: (1) considered the record of conviction to determine whether he had satisfied the prima facie criteria for resentencing, and (2) denied him appointment of counsel.  We conclude

the trial court did not err in summarily denying defendant's petition and affirm the judgment.

FACTS AND PROCEDURAL HISTORY

A.  Defendant's Conviction

In 1998, a jury found defendant guilty of robbery (§ 211) and first degree murder (§ 187) during a robbery (§ 190.2, subd. (a)(17)(A)).  On direct appeal, we vacated the sentence on the robbery conviction, but otherwise affirmed the judgment.  (*People v. Telles* (Aug. 31, 1999, C029970) [nonpub. opn.].)  In the opinion, we summarized defendant's testimony at trial.  In short, defendant went to the victim's house looking for his codefendant, who had a relationship with the victim.  (*Id.* at p. 6.)  When codefendant arrived, she and defendant argued with each other and the victim intervened.  (*Ibid.*)  Defendant and the victim fought; "[d]efendant testified that he wanted to kill [the victim] for the disrespect he had shown [codefendant]."  (*Id.* at p. 7.)  "Defendant tied up [the victim's] hands and continued to choke him until he was dead."  (*Ibid.*)  Defendant and codefendant proceeded to take several items from the victim's home, which they later sold.  (*Ibid.*)

B.     Senate Bill No. 1437

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  The bill amended section 188 (which defines malice) and section 189 (which defines the degrees of murder) to address felony-murder liability; it also added section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions.  (Stats. 2018, ch. 1015,

§§ 2-4; *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1133, review granted Mar. 18, 2020, S260598 (*Lewis*).)

Section 1170.95, subdivision (c) provides:  "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served.  These deadlines shall be extended for good cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

To make a prima facie showing, all three of the following conditions must apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

[And]

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a).)

As relevant in this case, section 189 was amended to include new subdivision (e), which provides:  "(e) A participant in the perpetration or attempted perpetration of a [robbery] in which a death occurs is liable for murder only if one of the following is proven:

"(1) The person was the actual killer.

3

"(2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

"(3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

### C. Defendant's Petition

In 2019, defendant filed a form petition under section 1170.95 seeking resentencing on the murder conviction. In the petition, defendant averred that a complaint or information had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. According to the petition, he could not now be convicted of first or second degree murder based on changes made to sections 188 and 189, which became effective January 1, 2019. He requested the court appoint him counsel in the resentencing proceeding.

The trial court summarily denied the petition without appointing defendant counsel. The court found defendant was "not entitled to relief as a matter of law." The court further explained:

"The opinion by the Third District Court of Appeal states that the Petitioner admitted to being the actual killer of the victim at the trial. Also, the Petitioner was convicted of California Penal Code section 187, murder in the first degree, with a special circumstance alleging that the Petitioner committed a murder during a robbery, pursuant to California Penal Code section 190.2(a)(17)(A)[,] which was found true by the jury. The jury was given the CALJIC instruction as to special circumstances which stated,

4

" 'If you are satisfied beyond a reasonable doubt that the defendant actually killed a human being, you need not find that the defendant intended to kill in order to find the special circumstance to be true.

" 'If you find that a defendant was not the actual killer of a human being, or if you are unable to decide whether the defendant was the actual killer or an aider and abettor you cannot find the special circumstance to be true unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree or with reckless indifference to human life and as a major participant, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted in the commission of the crime of ROBBERY which resulted in the death of a human being, namely [the victim].' [¶] Therefore, the Petitioner is not entitled to relief."

DISCUSSION

I

*Record of Conviction*

Defendant argues the trial court erred when it reviewed the direct appeal opinion in his case because the court "may not consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for section 1170.95 relief." In particular, defendant asserts, section 1170.95, subdivision (c) speaks only of reviewing the "petition," and does not mention the record of conviction.

A number of appellate courts have considered this issue and have concluded a trial court may review documents that are part of the record of conviction or are otherwise in the court file when determining whether a petitioner has made a prima facie case for relief under section 1170.95. (See *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329, review granted Mar. 18, 2020, S260493 (*Verdugo*); *Lewis*, *supra*, 43 Cal.App.5th at 1138, review granted; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 57-58, review

5

granted Mar. 18, 2020, S260410.) As defendant notes, our Supreme Court has granted review of this issue in *Lewis*. In the meantime, since we agree with the above opinions, we reject defendant's argument.

In *Verdugo*, the Court of Appeal observed that section 1170.95, subdivision (b)(2) allows a court to consider readily ascertainable "documents in the court file or otherwise part of the record of conviction" to ensure the petition meets the requirements of subdivision (b)(1). (*Verdugo*, *supra*, 44 Cal.App.5th at p. 329, review granted.) It reasoned that those same documents "should similarly be available to the court in connection with the first prima facie determination required by subdivision (c)." (*Ibid.*) Thus, a trial court evaluating whether a petitioner has made a prima facie showing in a section 1170.95 petition is not required to accept the petition's allegations at face value and may examine the record of conviction. (*Lewis*, *supra*, 43 Cal.App.5th at p. 1138, review granted; *Verdugo*, at pp. 329-330, review granted.)

Defendant further argues that, even if the record of conviction is properly considered, he is still entitled to relief because the true special circumstance finding did not preclude relief as a matter of law. In support of this proposition, defendant cites *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835 and *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011, both of which concluded special circumstance findings did not preclude relief under section 1170.95. In both cases, the findings concerned whether the defendants were "major participants" and acted with "reckless indifference to human life" in their respective crimes, and the courts' conclusions were founded on intervening changes to the definitions of both terms. (*Smith*, at p. 93, review granted; *Torres*, at p. 1179, review granted.) The record of conviction in this case, however, demonstrates defendant is not eligible for relief because he was the "actual killer" in the victim's murder, rather than a "major participant" who acted with "reckless indifference to human life." (*People v. Telles* (Aug. 31, 1999, C029970) [nonpub. opn.], at p. 7.) No corresponding change has

6

occurred to the definition of "actual killer." We conclude the trial court did not err when it considered the record of conviction and denied defendant's petition.

II

*Appointment of Counsel*

Defendant contends the trial court erred by summarily denying his petition without appointing counsel. He argues this is inconsistent with the language of section 1170.95, as well as the state and federal constitutional rights to due process and assistance of counsel. We disagree.

A. Section 1170.95

The parties dispute the meaning of section 1170.95, subdivision (c). Defendant, as explained above, argues his right to counsel "arose . . . upon his filing of the petition that facially alleged petitioner fell within the section's provisions." The People argue section 1170.95 authorizes a trial court to determine, considering the record of conviction, whether a petitioner has made the necessary prima facie showing that he or she falls within the provisions of section 1170.95 before appointing counsel. We agree with the People.

Interpreting the statute as defendant urges would render the first sentence of subdivision (c), which provides "[t]he court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section," mere surplusage. (See *Delaney v. Superior Court* (1990) 50 Cal.3d 785, 799 ["a construction that renders a word surplusage should be avoided"]; *People v. Woodhead* (1987) 43 Cal.3d 1002, 1010 ["It is a settled axiom of statutory construction that significance should be attributed to every word and phrase of a statute, and a construction making some words surplusage should be avoided"].)

When interpreting statutory language, we consider the "context of the statutory framework as a whole." (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717,

7

724.)  "When the statutory framework is, overall, chronological, courts will construe the timing of particular acts in relation to other acts according to their location within the statute; that is, actions described in the statute occur in the order they appear in the text." (*Lewis, supra,* 43 Cal.App.5th at pp. 1139-1140, review granted, citing *KB Home Greater Los Angeles, Inc. v. Superior Court* (2014) 223 Cal.App.4th 1471, 1477 [statutory scheme's sequential structure supports interpretation that acts required by the statute occur in the same sequence].)  Applying this principle to section 1170.95, subdivision (c), the trial court must first determine whether a petitioner has made a prima facie showing that he or she "falls within the provisions" of the statute before appointing counsel, receiving briefs, and then determining whether the petitioner has made "a prima facie showing that he or she is entitled to relief." (§ 1170.95, subd. (c); *Lewis*, at p. 1140, review granted.)

As other courts have recognized, "[a] prima facie showing of eligibility triggers the trial court's obligation to issue an order to show cause and either hold a hearing, give the parties an opportunity to waive a hearing and stipulate to eligibility, or '[i]f there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner.' " (*People v. Ramirez* (2019) 41 Cal.App.5th 923, 929, citing § 1170.95, subds. (c), (d)(1) & (d)(2).)  "If, as here, the court concludes the petitioner has failed to make the initial prima facie showing required by subdivision (c), counsel need not be appointed." (*Verdugo*, *supra*, 44 Cal.App.5th at pp. 332-333, review granted.)  And, as explained above, the court could review the record of conviction in the case to make such a conclusion. (*Lewis*, *supra*, 43 Cal.App.5th at p. 1138, review granted; *Verdugo*, at pp. 329-330, review granted.)

Here, the trial court found the facts underlying defendant's conviction for first degree murder established beyond a reasonable doubt that he killed the victim.  As we observed on direct appeal, defendant admitted at trial that he choked the victim to death.

8

(*People v. Telles* (Aug. 31, 1999, C029970) [nonpub. opn.], at p. 7.)  Moreover, as the trial court noted, the jury found true a special circumstance allegation under section 190.2, subdivision (a)(17)(A), which required a finding defendant actually killed the victim, aided or abetted the killing with intent to kill, or aided and abetted the robbery that resulted in the victim's death as a major participant acting with reckless indifference to human life.  As the "actual killer," defendant did not fall within section 1170.95's resentencing provision because he could still be convicted of first or second degree murder under section 189 as amended by Senate Bill No. 1437.  (§ 189, subd. (e).)  The trial court thus correctly determined defendant failed to state a prima facie case that he fell within the provisions of section 1170.95, and did not fail to follow the procedures mandated by section 1170.95.

> B.     Constitutional Right to Counsel

Defendant also argues the trial court's ruling violated his federal constitutional rights to due process and the assistance of counsel.  We disagree.  As we have discussed, section 1170.95 confers no right to counsel at this stage.  Given the nature of the court's inquiry at this stage, neither does the federal constitution.

"A criminal defendant has a constitutional right to counsel at all critical stages of a criminal prosecution, including sentencing." (*People v. Doolin* (2009) 45 Cal.4th 390, 453.) " ' "The determination whether the hearing is a 'critical stage' requiring the provision of counsel depends . . . upon an analysis 'whether potential substantial prejudice to defendant's rights inheres in the [particular] confrontation and the ability of counsel to help avoid that prejudice.' " [Citation.]' [Citation.] ' "[T]he essence of a 'critical stage' is . . . the adversary nature of the proceeding, combined with the possibility that a defendant will be prejudiced in some significant way by the absence of counsel." [Citation.]' " (*People v. Rouse* (2016) 245 Cal.App.4th 292, 297.)

Here, defendant's petition did not make a prima facie showing of eligibility. "The court's role at this stage is simply to decide whether the petitioner is ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner." (*Verdugo, supra,* 44 Cal.App.5th at p. 329, review granted.) This could not be a critical proceeding because it presented a purely legal question and the presence of counsel would not have changed anything in defendant's petition or the record of conviction. (See *People v. Simms* (2018) 23 Cal.App.5th 987, 996.) Even had counsel been present, defendant would still have been ineligible for relief. (*Cornelius*, *supra*, 44 Cal.App.5th at p. 58, review granted.) The trial court's summary denial of defendant's petition did not violate his constitutional rights.

DISPOSITION

The judgment is affirmed.

_____

HULL, J.

We concur:

_____

RAYE, P. J.

_____

MAURO, J.

10